IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01262-WDM-PAC

ASHLEIGH MARIE BOVE,

      Plaintiff(s),

v.

TELECHECK SERVICES, INC., and
PETROLEUM WHOLESALE, LP, d/b/a SUNMART #507,

      Defendant(s).

_____

## ORDER
_____

**Patricia A. Coan, Magistrate Judge**

Plaintiff brings a variety of claims arising out of events on May 27, 2004 when she attempted to pay for gasoline with a check.  Plaintiff claims that, when the cashier at the service station received a "numeric rejection code" from defendant TeleCheck after calling for approval of the check, she was led to believe that plaintiff had insufficient funds to cover the check.  The cashier called the police and plaintiff was arrested and charged with theft.  In her amended complaint, filed July 8, 2005, plaintiff alleged malicious prosecution, abuse of process, false imprisonment, negligence, intentional infliction of emotional distress, and outrageous conduct against defendant TeleCheck.  Those claims are the subjects of TeleCheck's  pending motion to dismiss.  This case was referred to the undersigned on July 12, 2005 for pretrial case management.  The matter is in discovery and no trial date has been set.

05-cv-01262-WDM-PAC
November 14, 2005

I.

Plaintiff now moves to amend her complaint for the second time to add three

federal claims, including claims under 15 U.S.C. §1681 and §1692, and a common law

claim for defamation against TeleCheck.  Plaintiff also moves to amend the caption of

the complaint to state the correct name of TeleCheck, which is TeleCheck Services,

Inc.[1]

As grounds for her motion, plaintiff contends that the federal claims against

TeleCheck were not available to her in state court and that, in drafting her response to

TeleCheck's motion to dismiss, plaintiff decided that a defamation claim against

TeleCheck, which plaintiff had previously "overlooked", should be added.

While TeleCheck does not object to correcting the caption to reflect its correct

name, see TeleCheck Resp. at 4,  n. 4, TeleCheck does object to amending the

complaint to include the three additional claims because plaintiff could have brought

those claims in the original complaint in the state court.  TeleCheck argues that it is

appropriate to deny plaintiff's motion to amend because she presents no new facts but

only new theories without any satisfactory explanation for the failure to fully develop the

contentions earlier.  TeleCheck also contends that it would be futile for plaintiff to

amend to include baseless claims, because plaintiff not only has no cause of action

---

[1] Plaintiff additionally moves to amend her complaint to include claims brought under 42 U.S.C. §1983 against the Town of Evans and Police Officer Scofield.

2

05-cv-01262-WDM-PAC
November 14, 2005

under either federal statute, but the Fair Credit Reporting Act preempts all causes of

action in the nature of defamation.

## II.

Rule 15, Fed. R.Civ.P. governs a motion to amend a complaint.[2]  Rule 15(a)

provides for liberal amendment of pleadings, even after a responsive pleading has

been filed.    Under well-established law, leave to amend is a discretionary matter

which is left to the trial court to determine.  *Foman v. Davis*, 371 U.S. 178, 182 (1962);

*Viernow  v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir.1998).  Amendment

under the rule has been freely granted.  *Castleglenn, Inc. v. Resolution Trust Company*,

984 F.2d 1571 (10th Cir. 1993) (internal citations omitted).  Refusing leave to amend is

justified upon a showing of undue delay, undue prejudice to the opposing party, bad

faith or dilatory motive.  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d

1182, 1185 (10th Cir. 1990).  Untimeliness or undue delay is cause for denying leave to

---

[2]The Rule states:

Amendments. A party may amend the party's pleading once as a matter of course at any
time before a responsive pleading is served or, if the pleading is one to which no
responsive pleading is permitted and the action has not been placed upon the trial
calendar, the party may so amend it at any time within 20 days after it is served.
Otherwise a party may amend the party's pleading only by leave of court or by written
consent of the adverse party; and leave shall be freely given when justice so requires. A
party shall plead in response to an amended pleading within the time remaining for
response to the original pleading or within 10 days after service of the amended
pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15, Fed. R. Civ. P.

05-cv-01262-WDM-PAC
November 14, 2005

amend without any showing of prejudice to the other party. *See id.* at 1185. Leave to

amend also may be denied when the movant has known of the facts upon which the

amendment is based and fails to include them in earlier complaints, *see State Distribs.,*

*Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir.1984)(internal citation

omitted).  Finally, futility may be another reason to deny amendment.  *See Bradley v.*

*Val-Mejias*, 379 F.3d 892 (10th Cir. 2004).  "A proposed amendment is futile if the

complaint, as amended, would be subject to dismissal."  *Jefferson County Sch. Dist. v.*

*Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999).

III.

First, plaintiff's motion to amend is to be considered timely because it was filed

before the November 7, 2005 deadline for amending pleadings in the Scheduling

Order.  *See* October 4, 2005 Scheduling Order at 7.

Second, there is no dispute that the complaint should be corrected to reflect

TeleCheck's proper name.

Third, I agree with TeleCheck that, due to the concurrent jurisdiction of the state

and federal courts, plaintiff could have brought her claims under the Fair Credit

Reporting Act and the Fair Debt Collection Practices Act in the state court action.  See

4

05-cv-01262-WDM-PAC
November 14, 2005

15 U.S.C. §1681p[3] and 15 U.S.C. §1692k(d)[4].

Fourth, I further agree with Telecheck that plaintiff could have brought her defamation claim in state court and has not provided a satisfactory explanation for "overlooking" this claim.

Fifth, plaintiff does not appear to state any new facts against TeleCheck in her proposed amended complaint, yet she wants to add three new theories of liability against TeleCheck.  Under Rule 15, leave to amend may be denied when the movant has known of the facts upon which the amendment is based and fails to include them in earlier complaints.  *See State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir.1984)(internal citation omitted).

The *Glenmore* court discussed the factors to be considered when a plaintiff seeks leave to amend the complaint.  These include whether the amendment will result in undue prejudice; whether the request was unduly and inexplicably delayed; was offered in good faith; or whether the party had sufficient opportunity to state a claim and

---

[3]  "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–
(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
(2) 5 years after the date on which the violation that is the basis for such liability occurs."
15 U.S.C. §1681p, Fair Credit Reporting Act.

[4]  "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d), Fair Debt Collection Practices Act.

05-cv-01262-WDM-PAC
November 14, 2005

failed.  *See id.*

Applying those factors here, I find: (1) that because a trial date is not set and

because the case is in discovery, TeleCheck would not be prejudiced by the addition of

the new claims because there is time for discovery which would cure any prejudice; (2)

the request to amend to add new theories was unduly delayed and plaintiff's counsel

has not given any valid reason why he could not have added the subject claims when

he filed the original complaint on May 26, 2005 or even when he amended on July 8,

2005; (3) when plaintiff's counsel filed those complaints, he represented, by his

signature, that the claims raised were warranted by existing law , and that the

allegations and factual contentions had evidentiary support.  *See* Rule 11(b), Fed. R.

Civ.P.  Counsel thus was responsible for researching the facts and the law before he

filed both prior complaints.  If counsel for plaintiff had done his research, he would have

discovered the concurrent jurisdiction provided in the Fair Credit Reporting Act and in

the Fair Debt Collection Practices Act, and he would have discovered the defamation

claim.  I conclude that counsel's statement that he could not have added the federal

claims in the state action is at minimum, disingenuous.  I also conclude that the

attempted addition of three new claims against TeleCheck without any new facts to

support them, is not brought in good faith; and (4) that plaintiff's counsel had the

opportunity to bring the federal claims and the defamation claim against TeleCheck

when he filed the May original complaint, and again when he amended the complaint

05-cv-01262-WDM-PAC
November 14, 2005

on July 8, 2005.  I find that plaintiff therefore had sufficient opportunity to bring the

claims at issue in May, or in July, and simply failed to do so.   In conclusion, I find that

three of the four *Glenmore* factors weigh in favor of TeleCheck.  Accordingly, I decline

to allow further amendment as to TeleCheck except to correct its name.

Finally, because I decide the motion to amend under the *Glenmore* test, I need

nor address TeleCheck's futility arguments concerning the federal acts and

TeleCheck's argument that the Fair Credit Reporting Act preempts any defamation

claim.[5]

IV.

For the reasons stated, it is hereby

**ORDERED** that Plaintiff's Opposed Motion to Amend Complaint and Add

Additional Parties, Document No. 16, filed September 20, 2005, is **granted in part** and

**denied in part**.  It is further

---

[5]  I do note however, that the Fair Credit Reporting Act expressly preempts defamation claims.
15 U.S.C. §1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any
> action or proceeding in the nature of defamation, invasion of privacy, or negligence with
> respect to the reporting of information against any consumer reporting agency, any user
> of information, or any person who furnishes information to a consumer reporting agency,
> based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title,
> or based on information disclosed by a user of a consumer report to or for a consumer
> against whom the user has taken adverse action, based in whole or in part on the report
> except as to false information furnished with malice or willful intent to injure such
> consumer.

05-cv-01262-WDM-PAC
November 14, 2005

**ORDERED** that the September 20, 2005 tendered [second] amended complaint

is rejected.  It is further

**ORDERED** that plaintiff shall submit a **proposed second amended complaint**

which is consistent with this order on or before **November 21, 2005** by email and either

Word or WordPerfect attachment to my chambers e-mail.  It is further

**ORDERED** that TeleCheck shall file a pleading which advises the court whether

its pending motion to dismiss applies to the second amended complaint no later than

**ten days** after the court accepts the second amended complaint and orders it date-

stamped and filed.  It is further

**ORDERED** that TeleChek does not have standing to object to the addition of the

City (Town) of Evans and Police Officer Scofield and the claims brought against them

under §1983; accordingly, Evans and Office Scofield  shall be named and the plaintiff's

claims against them stated in the proposed second amended complaint.

Dated this 14th day of November 2005.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge

8